UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,                    09 Cr. 339

       -v.-
                                             OPINION

ANTONIO GUERRERO, et al.,

       Defendants
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/10

A P P E A R A N C E S:

    Attorneys for Government

    PREET BHARARA
    United States Attorney for the
        Southern District of New York
    86 Chambers Street, 3rd Floor
    New York, NY  10007
    By:  Laurie Korenbaum, Esq.
         Marissa Molé, Esq.
         Aimee Hector, Esq.


    Attorneys for Defendants

    KELLEY DRYE & WARREN, LLP
    101 Park Avenue
    New York, NY  10178
    By:  Don Buchwald, Esq.

    FREDERICK H. COHN, ESQ.
    61 Broadway, Suite 1601
    New York, NY 10006

    DAVID S GREENFIELD, ESQ.
    100 Lafayette Street, Suite 502
    New York, NY 10013

**Sweet, D.J.**

Defendant Edwin Maldonado ("Maldonado") has moved to exclude because of its belated disclosure evidence of a firearm recently retrieved from the Bronx River which the Government alleges was used in the killing of Leonard Overman ("Overman") on October 9, 1994. In the alternative Maldonado seeks an adjournment of trial. Maldonado's motion is denied and no adjournment will be granted.

**Factual Background**

Material produced to the Defense pursuant to 18 U.S.C. § 3500 reveals that in January 2007, Leonardo Flores ("Flores") told the Government that Maldonado had thrown the firearm with which he is alleged to have killed Overman off of the 174th Street Bridge into the Bronx River. In January 2008, Michael Padilla ("Padilla") made the same representation to the Government. On March 27, 2010, scuba divers with the New York City Police Department ("NYPD") dove into the Bronx River and recovered a .357 Ruger handgun (the "Firearm"). An earlier dive had been made in March 17, 2008 in connection with the investigation of this

1

case but the Firearm was not located during that dive. On April 13, 2010, the NYPD Laboratory Firearms Analysis Section completed a report concluding that the Firearm was the weapon used in the Overman homicide. On April 16, 2010, the Government Fedexed the report to defense counsel. It was delivered to defense counsel on April 19, 2010.

**Discussion**

Maldonado objects to the admission of the Firearm on the grounds that the Government had information from Flores that led to the discovery of the Firearm thirty-nine months before the NYPD divers eventually located it there, and that it was produced to defense counsel nine days before trial was scheduled to begin.

As an initial matter, the Government has since revealed that the NYPD conducted a dive in connection with the instant case on March 17, 2008, two months after the Government's conversation with Padilla, during which no firearms were recovered.

Absent bad faith on the part of the Government, the preclusion of evidence is rarely an appropriate sanction for discovery delay. See United States v. Marshall, 132 F.3d 63, 69 (D.C. Cir. 1998). Federal Rule of Criminal Procedure 16(c) provides that "a party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party." (Emphasis added.)

There is no evidence that the late disclosure of the Firearm was the result of any bad faith on the part of the Government. Once the Firearm was located, it was tested and produced the defense counsel in a timely way. While the Government's decision not to follow up on the reference to the Firearm's location in a more timely way is regrettable, it was one of many potential leads that cooperating witnesses have provided to the Government over the course of a complex and lengthy investigation, and there is no evidence that pursuing it was intentionally delayed.

Maldonado has requested an adjournment of trial in the alternative to exclusion of the Firearm. In light of the logistical complexities involved in scheduling

3

trial, impaneling a jury, and arranging witness testimony, an adjournment will not be granted. "Substantial prejudice" to the defendant is a relevant consideration in determining whether belatedly disclosed evidence ought to be excluded. See United States v. Sanchez, 912 F.2d 18, 21 (2d Cir. 1990). However, in order to avoid such prejudice, a motion for a Daubert hearing will be entertained when Maldonado is prepared to advance such a motion and, should the motion be granted, witness examination will be suspended for such time as is necessary to complete it.

**Conclusion**

For the foregoing reasons, Maldonado's motion to exclude based on belated disclosure is denied, no showing of bad faith on the part of the Government having been made. The denial does not bear on the ultimate admissibility of the Firearm, which remains an open question.

It is so ordered.

**New York, NY**
**April 29, 2010**

ROBERT W. SWEET
U.S.D.J.

4